UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

C.A. No. 99426S

*******************************************************************

ALLSTATE INSURANCE COMPANY
Plaintiff,

v.

RAYMOND HUELBIG, JOSE PIRES, MANRAY, INC. D/B/A FRIENDSHIP AUTOBODY, AMITY MOTORS, AND TABCO RENTALS, SHAWNN HUELBIG, CILLA REILLY, RUTH M. ORTIZ, MANUEL P.J. BARROS, II, MILLICENT MAYNARD, GREGORY WILLIAMS, LORI FREEMAN, JULIO SILVA, LYNETTE ANDERSON, KAREN L. BROWN, ROBERT D. TAGLIONE, RICHARD WILLNER, SHONDI BARBATO, ANN MARIE IANNUCCI, NORMAN TRICE, JR., PAULA COFONI, CLARENCE NEALY and TABCO REALTY
Defendants,

*******************************************************************

**MOTION FOR ENTRY OF SEPARATE AND FINAL JUDGMENT**

The plaintiff, Allstate Insurance Company (hereinafter "Allstate"), pursuant to Rule 54(b), Fed. R. Civ. P., respectfully requests that this Court enter separate and final judgment against Cilla Reilly, subject to the Agreement for Judgment entered into between such parties.

Pursuant to Rule 54(b), Fed. R. Civ. P., the entry of separate and final judgment in connection with fewer than all of the claims and/or parties in a case may appropriately be entered where there exits no just cause for delay. Rule 54(b), Fed. R. Civ. P. A trial court's determination regarding the absence of just reason for delay in the entry of final judgment is entitled to substantial deference. See Curtiss-Wright Corp. v. General Electric Co., 446 U.S. 1, 10 (1980); Quinn v. City of Boston, 325 F.3d 18, 26 (1st Cir. 2003); Spiegel v. Trustees of Tufts College, 843 F.2d 38, 42-43 (1st Cir. 1988).

The entry of separate and final judgment pursuant to Rule 54(b) is warranted in this case where (1) the Court's entry of judgment, subject to the parties' Agreement for Judgment, will constitute a final adjudication with respect to all of Allstate's claims against the defendant Cilla Reilly, (2) this defendant has agreed with Allstate to resolve her alleged liability as to the claims plead in Allstate's Complaint through their Agreement for Judgment previously filed with the Court, and (3) delay of entry of the agreed-upon judgment against this defendant may prejudice Allstate's ability to obtain satisfaction of its judgment entered against this defendant and/or other defendants.

For all of the foregoing reasons, Allstate respectfully requests that this Court expressly direct the entry of final judgment against defendant, Cilla Reilly, including in the Court's Order, an express determination that there is no just reason for delay and directing that judgment be entered on Allstate's behalf.

A proposed Order of Judgment is filed herewith.

Respectfully Submitted,
The Plaintiff,
*Allstate Insurance Company,*
By its attorneys,

David O. Brink (6082)
Richard D. King, Jr. (6084)
SMITH & BRINK, P.C.
122 Quincy Shore Drive
Quincy, MA 02171
(617) 770-2214

Dated: July 9, 2005