FILED AUG 22 2005 U.S. DISTRICT COURT DISTRICT OF RHODE ISLAND

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

C.A. NO. 99426-S

****************************************************************

ALLSTATE INSURANCE COMPANY
Plaintiff,

v.

RAYMOND HUELBIG, JOSE PIRES, MANRAY, INC. D/B/A FRIENDSHIP AUTOBODY, AMITY MOTORS, AND TABCO RENTALS, SHAWNN HUELBIG, CILLA REILLY, RUTH M. ORTIZ, MANUEL P.J. BARROS, II, MILLICENT MAYNARD, GREGORY WILLIAMS, LORI FREEMAN, JULIO SILVA, LYNETTE ANDERSON, KAREN L. BROWN, ROBERT D. TAGLIONE, RICHARD WILLNER, SHONDI BARBATO, ANN MARIE IANNUCCI, NORMAN TRICE, JR., PAULA COFONI, CLARENCE NEALY, and TABCO REALTY,
Defendants.

****************************************************************

**AFFIDAVIT IN SUPPORT OF AWARD OF ATTORNEYS' FEES, COSTS, AND EXPENSES**

I, Richard D. King, Esq., upon oath do say and depose as follows:

1. I am admitted to practice before this Court and am counsel for plaintiff, Allstate Insurance Company ("Allstate") in this litigation. I submit this affidavit in support of Allstate's application for an award of its attorneys' fees, costs, and expenses.

A. Who Is Liable

2. Lynette Anderson, Julio Silva, Karen Bronw, Ann Marie Ianucci, Clarence Nealy, Shondi Barbato, Manuel P.J. Barros, II, Richard Willner and Gregory Williams (hereinafter "default defendants") are liable to Allstate for attorneys' fees and other costs under the Racketeer Influenced & Corrupt Organizations Act ("RICO"), 18 U.S.C., §1964(c) and R.I.G.L. §7-15-4.

3. The RICO statute provides that a prevailing plaintiff "shall recover threefold the damages it sustains and the cost of suit, including reasonable attorneys' fees." 18 U.S.C., §1964(c). Similarly, the Rhode Island RICO Act provides that, upon a finding that a person is injured by a reason of a violation of R.I.G.L. §7-15-2(c), such person "is entitled to recover from each of the Defendants three times the damages sustained by reason of the claims submitted by the Defendants, and others acting in concert with them, together with the costs of suit, including reasonable attorney's fees." R.I.G.L. §7-15-4.

B. <u>The Representation</u>

5. Allstate was represented throughout this action over the past seven years by Smith & Brink, P.C. Smith & Brink, P.C. has represented Allstate and other insurers in RICO litigation arising from insurance fraud schemes for approximately ten years. I have personally acted as counsel in RICO suits arising from automobile insurance schemes, property insurance fraud schemes, and health insurance fraud schemes.

6. The vast majority of work performed in this case was done by two attorneys: myself and David O. Brink. Moreover, tasks were allocated among us so as to avoid duplication and unnecessary cost.

7. The firm was retained by Allstate and billed the following amounts through August 1, 2005:

Legal Fees Incurred by
Smith & Brink, PC

$40,694.20

Law Office Expensed
Disbursements

$959.10

The figures noted above do not include fees and expenses incurred by Allstate with regard to the related bankruptcy matter: In re: Huelbig, Bankruptcy Petition No. 1:01-bk-10525.

8. The fees, law office disbursements, and other costs paid directly by Allstate or by Smith & Brink, P.C., on Allstate's behalf in regard to this litigation total $41,653.30, all of which should be incorporated into the judgments against the defendants.

C. The Billing Method

9. All of the bills submitted by counsel for Allstate are based upon the firm's customary billing rates, multiplied by the number of hours worked by each attorney. Those factors considered by Smith & Brink, P.C. in establishing its fee schedules with clients include the time and labor required; the novelty and difficulty of the questions involved; the skill requisite to perform the legal services properly; the likelihood that the acceptance of particular employment will preclude other employment; the fees customarily charged for similar services; the amounts involved

and results obtained; time limitations imposed by the client or by the circumstances; the nature and length of the professional relationship with the client; the experience, reputation, and ability of the lawyers performing the services; and whether the fee is fixed or contingent.

10. It is the practice of Smith & Brink, P.C., to require attorneys and paralegals to maintain daily time sheets describing the services rendered each day and the time devoted to each matter.

11. The contents of these time sheets are then entered into a computer which collates entries by client and matter and automatically calculates the amount owed for any given billing period.

12. I have personally reviewed the bills prepared in this matter before they were sent. Each bill reflects either our actual time charges, or a reduced sum resulting from discretionary reductions in the number of hours charged to the client.

D. Smith & Brink, P.C., Billing Rates

13. Bills submitted by Smith & Brink, P.C., reflect hourly rates for attorneys ranging from $120- $130/hour.

14. Paralegals were billed at a rate of $60 per hour.

15. Several other RICO cases in which Smith & Brink, P.C. has been involved have resulted in similar awards of attorneys' fees in which our hourly rates and charges were approved.

16. The case at bar is complex and fact intensive. At all times, Smith & Brink, P.C. had primary responsibility not only for all legal strategy and services but also primarily responsible for the investigation as it evolved from original detection, through pleading and filing of the Complaint and prosecuting the civil action.

17. The defendants perpetrated their insurance fraud scheme over the course of several years utilizing dozens of insurance policies and fictitious payments to effectuate defendants' fraudulent purpose. The secret nature of the conspiracy coupled with the heightened pleading requirements of this case increased significantly the time and attention required to investigate, perfect and prosecute the instant claims.

Signed under the pains and penalties of perjury this 18 day of August, 2005.

Richard D. King, Jr.