UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| ALLSTATE INSURANCE COMPANY | : | |
| | : | |
| v. | : | C.A. No. 99-426S |
| | : | |
| RAYMOND HUELBIG, et al. | : | |

**REPORT AND RECOMMENDATION**

Lincoln D. Almond, United States Magistrate Judge

This matter is before the Court on Plaintiff's Motion for Entry of Default Judgment (Document No. 154) against eight individual Defendants, jointly and severally, in the amount of $972,996.00, plus interest, on the actual damages amount of $324,332.00, plus an additional amount of $41,653.30 in attorneys' fees, costs and expenses. These eight individual Defendants are Lynette Anderson, Julio Silva, Karen L. Brown, Ann Marie Iannucci, Clarence Nealy, Manuel P.J. Barros, II, Richard Willner and Gregory Williams. The claims against all of the other Defendants in this case have either been dismissed or are the subject of separate judgments already entered by the Court. This matter has been referred to me for a preliminary review, findings and recommended disposition. 28 U.S.C. § 636(b)(1)(B). A hearing was held on September 30, 2005. For the reasons discussed below, this Court recommends that the District Court GRANT Plaintiff's Motion for Entry of Default Judgment.

Plaintiff commenced this action on September 8, 1999 by filing a 108-page Complaint alleging claims under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961, et seq., and both Rhode Island statutory and common law related to the operation of an

automobile insurance fraud scheme and conspiracy from approximately February 15, 1990 through at least 1996. The eight Defendants who are the subject of Plaintiff's Motion for Default Judgment are all alleged to be participants in this scheme and co-conspirators. Proof of service on each of these eight Defendants was filed with the Court by Plaintiff, and default was entered by the Clerk under Fed. R. Civ. P. 55(a) based on the failure of any of these Defendants to respond to Plaintiff's Complaint or otherwise appear in this action.

In considering Plaintiff's Motion, this Court has reviewed and considered Plaintiff's Complaint and the Affidavits of William Somers, Plaintiff's Northeast Regional Special Investigation Unit ("SIU") Analyst, dated August 6, 1999 and November 6, 1999, previously submitted to support other motions filed by Plaintiff. At the hearing, Plaintiff's counsel provided legal support for his client's damages calculation, submitted the Affidavit of Michael Bruno, also an SIU Analyst employed by Plaintiff and his own affidavit supporting the reasonableness of Plaintiff's claimed attorneys' fees and expenses in the amount of $41,653.30.

Pursuant to Fed. R. Civ. P. 55(b), Plaintiff has made a sufficient legal and evidentiary showing to warrant the entry of default judgment as requested. Plaintiff has supported its claim of $324,332.00 in actual damages, see Aff. of Bruno, its claim to treble such damages to $972,996.00 and for attorneys' fees, 18 U.S.C. § 1964(c), and its request that all eight Defendants, as participants in the scheme and co-conspirators, be held jointly and severally liable for such amounts. See Aetna Casualty Surety Co. v. P&B Autobody, 43 F3d. 1546 (1st Cir. 1994) (applying RICO, 18 U.S.C. § 1962(c)).

For the reasons discussed above, this Court recommends that the District Court GRANT Plaintiff's Motion for Entry of Default Judgment (Document No. 154) against Defendants Lynette

Anderson, Julio Silva, Karen L. Brown, Ann Marie Iannucci, Clarence Nealy, Manuel P.J. Barros, II, Richard Willner and Gregory Williams, jointly and severally, in the amount of $972,996.00, plus interest, on the actual damages amount of $324,332.00, plus an additional amount of $41,653.30 in attorneys' fees, costs and expenses. Plaintiff is also ORDERED to submit a proposed form of Final Judgment in accordance with this Report and Recommendation to District Judge Smith for his consideration on or before October 14, 2005. Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within ten (10) days of its receipt. See Fed. R. Civ. P. 72(b); D.R.I. Local R. 32. Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision. See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

LINCOLN D. ALMOND
United States Magistrate Judge
September 30, 2005